UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY EUGENE McKEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV871 RWS(ACL) |
| | ) | |
| ELLIS McSWAIN,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Petition of Tracy Eugene McKee for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b). For the reasons set forth below, the undersigned recommends that the Petition be denied.

Also pending are the following motions filed by McKee: Request for Evidentiary Hearing [Doc. 27]; and Request for Blank Subpoena Forms [Doc. 30].

### I. Procedural History

McKee challenges the Sentence and Judgment of the Circuit Court of the City of St. Louis for various reasons related to his right to a speedy trial. McKee was indicted by a Grand Jury for one felony and four misdemeanor charges on August 8, 2006. (Respt's Ex. A at 3-4) Between September 2006 and August 2007, McKee filed six pro se motions and letters with the trial court

---

[1] Ellis McSwain, Chairman of the Missouri Board of Probation and Parole, is substituted as the proper party respondent in this case as petitioner has been paroled for the convictions he challenges in his petition. See Rule 2(a), Rules Governing § 2254 Proceedings in the District Courts.

complaining about the fact his case had not been called for trial and requesting a speedy trial. State v. McKee, 240 S.W.3d 720, 724-25 (Mo. banc 2007). McKee then sought a writ of mandamus from the Missouri Supreme Court to direct the trial court to dismiss the charges against him with prejudice based on the failure to try him for over 18 months following his arrest. Id. at 722. On December 21, 2007, the Court directed the trial court to:

> (1) immediately hold a hearing to determine whether the conditions placed upon Mr. McKee's release at the time of his arrest pursuant to Rule 33.01 remain appropriate, and (2) to convene a hearing within seven days of [the] mandate to determine whether Mr. McKee's constitutional right to a speedy trial right has been violated. If the trial court finds that his speedy trial right has been violated, the charges against Mr. McKee shall be immediately dismissed. If the trial court concludes otherwise Mr. McKee shall be brought to trial as soon as practicable thereafter, but in no event more than thirty days after the hearing on his motion.

Id. at 732.

The trial court held a hearing on January 3, 2008, in response to the Mandate of the Missouri Supreme Court. (Respt's A at 8) The trial court heard evidence related to McKee's Motion to Dismiss for the alleged violations of his right to a speedy trial and modified McKee's bond to a sponsored recognizance bond. Id. On January 7, 2008, the trial court entered an Order denying McKee's Motion to Dismiss and set the case for trial on January 28, 2008. Id. at 9.

McKee's jury trial commenced on January 28, 2008. Before the jury was selected, McKee raised his motion to dismiss for violation of his right to a speedy trial and the motion was again denied. Id. On January 30, 2008, McKee was found guilty of first degree tampering (Count I) and acquitted of stealing (Count II). Id. at 10, 13. McKee pled guilty to the misdemeanor charges of resisting arrest, second-degree property damage, and first-degree trespass. Id. at 165. On February 29, 2008, he was sentenced to seven years imprisonment for the tampering charge and time served on the misdemeanors. Id. at 166-67. Execution of the

seven-year sentence was suspended, and McKee was placed on probation for three years. Id. On January 23, 2009, McKee's probation was revoked and his sentence was executed. (Respt's Ex. G)

On appeal, McKee argued that the trial court erred in denying his motion to dismiss the charges against him, because he was deprived of his constitutional right to a speedy trial. (Respt's Ex. B at 16) On March 3, 2009, the Missouri Court of Appeals affirmed McKee's conviction for first degree tampering in a brief Order (State v. McKee, 277 S.W.3d 846 (Mo. Ct. App. 2009)), supplemented by a Memorandum sent only to the parties setting forth the reasons for its decision (Respt's Ex. C).

McKee filed a pro se motion for post-conviction relief. (Respt's Ex. D at 3-14) On September 29, 2009, after appointment of counsel, McKee filed an amended post-conviction relief motion raising the following claims: (1) he was denied due process when he was improperly found to be a prior offender; (2) he was denied effective assistance of counsel when trial counsel waived McKee's right to jury sentencing; (3) he was denied effective assistance of counsel when trial counsel failed to request an instruction on second degree tampering; and (4) he was denied effective assistance of counsel when trial counsel failed to invoke McKee's statutory right to a speedy trial. Id. at 19-57. On December 9, 2009, the motion court denied McKee's motion without an evidentiary hearing. Id. at 58-62.

In his sole claim on appeal from the denial of post-conviction relief, McKee argued that the motion court clearly erred in denying his motion for post-conviction relief, because trial counsel was ineffective for failing to request that the trial court submit an instruction on the offense of second degree tampering. (Respt's Ex. E at 12) On February 3, 2011, the Missouri Court of Appeals affirmed the denial of post-conviction relief. (Respt's Ex. F); McKee v. State, 336

S.W.3d 151 (Mo. Ct. App. 2011) (when trial counsel proceeds with an innocence defense, requesting an instruction for second-degree tampering would have been inconsistent and "would undermine the entire theory of the case presented at trial.").

On May 11, 2011, McKee, pro se, filed the present Petition for a Writ of Habeas Corpus. [Doc. 1] McKee filed an Amended Petition on June 3, 2011, alleging the same grounds for relief. [Doc. 8] At the time of the filing of the Petition, Tracy Eugene McKee was incarcerated in the St. Louis City Justice Center on unrelated charges. [Doc. 14 at 1] McKee has been paroled for the convictions he challenges in his Petition. Id.

## II. Petitioner's Claims

McKee raises three grounds for relief. In his first ground for relief, McKee argues that his constitutional right to a speedy trial was violated. In his second ground for relief, McKee argues that he received ineffective assistance of counsel when trial counsel failed to pursue his right to a speedy trial. In his third ground for relief, McKee contends that the government "failed to pursue defendant with diligence," thereby denying him of his right to a speedy trial. On July 15, 2011, respondent filed a Response to Order to Show Cause, in which he argues that McKee's claims are meritless, and that ground two is procedurally defaulted. [Doc. 14]

## III. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that

4

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens, 198 F.3d at 681 (quoting 28 U.S.C. §2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 51, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

## IV.   Discussion

As previously noted, McKee alleges three grounds for relief. In both ground one and ground three, McKee argues that his right to a speedy trial was violated. McKee's second ground for relief is an ineffective assistance of counsel claim.

5

**IV.A. Grounds One and Three**

In ground one, McKee claims that his right to a speedy trial was violated by eighteen months of pre-trial delay and that the government was responsible for unreasonable delay and continuances. In ground three, McKee contends that his speedy trial right was violated by the government failing to pursue the case diligently, ignoring his motions, and obtaining too many continuances.

To determine whether a defendant has been deprived of his Sixth Amendment right to a speedy trial, the United States Supreme Court has directed the lower courts to consider four factors: the length of the delay, the reason for the delay, the defendant's assertion of his or her right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

In Missouri, a delay of greater than eight months is presumptively prejudicial. See State ex rel. McKee v. Riley, 240 S.W.3d 720, 729 (Mo. banc 2007), citing State v. Williams, 34 S.W.3d 440, 447 (Mo. Ct. App. 2001) and State v. Farris, 877 S.W.2d 657, 660 (Mo. Ct. App. 1994). "[P]resumptive prejudice cannot alone carry a Sixth Amendment claim[, however,] without regard to the other Barker criteria . . . it is part of the mix of relevant facts, and its importance increases with the length of delay." Doggett v. United States, 505 U.S. 647, 656 (1992). The most significant form of prejudice is when the delay impairs the defense by "dimming memories and the loss of exculpatory evidence." Id. at 654. In the normal circumstance involving negligent delays, a defendant must generally show particularized prejudiced to be entitled to relief. Id. at 657-58. However, as the delay gets longer, the need for particularized prejudice is lessened. Id.

The Missouri Court of Appeals performed a proper and thorough analysis of McKee's speedy trial claim, identifying and applying the Barker factors. (Respt's Ex. C at 3-16) The

court found that the delay of nineteen months from McKee's arrest to his trial was presumptively prejudicial; the delay was attributable to the State due to an overcrowded court system; and McKee timely and repeatedly asserted his speedy trial right. Id. at 4-10. The court, however, found that McKee had failed to demonstrate actual prejudice, which weighed against McKee and heavily in favor of the State. (Respt's Ex. C at 15)

In Doggett, the Supreme Court noted that "affirmative proof of particularized prejudice was not essential to every speedy-trial claim." Doggett, 505 U.S. at 655. The Missouri Court of Appeals, however, distinguished Doggett from the instant case based on the fact that Doggett involved an eight-and-a-half year delay and turned on the egregious nature of the government's conduct, which was not present in McKee's case. (Respt's Ex. C at 14) The court held:

> In sum, oppressive pretrial incarceration, as well as anxiety and concern, are all considerations in evaluating the extent of prejudice the defendant suffered as a result of the pretrial delay. The defendant, however, provides only conclusory allegations; he provides no details as to any particular harm flowing from his pretrial incarceration. Even if we were to take his generalized claims as true, they would establish only minimal prejudice. *See Raine*, 829 S.W.2d at 513; *see also Davis*, 903 S.W.2d at 937. Any minimal prejudice is counter-balanced, and indeed outweighed, by the absence of any showing of the most important and serious form of prejudice-that the delay impaired his ability to present a defense. Because the defendant provided only conclusory allegations and because he did not present affirmative proof of trial prejudice, the defendant did not present evidence of actual prejudice; consequently, this factor weighs against the defendant and heavily in favor of the State.

> *Balancing*
> The balancing test set out in *Barker* is a difficult and sensitive process. The difficulty of the task is especially illustrated in a close case. Such was the case in *Barker*; such is the case here. *Barker*, 407 U.S. at 533. We are displeased with the trial-court delays. As noted by our Supreme Court, "[t]he right to a speedy trial is an important right that the courts of this state are duty-bound to honor, even in the face of heavy trial dockets and competing demands for trial." *McKee*, 240 S.W.3d at 731. "'[U]nreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State's criminal-justice system are limited and that each case must await its turn.'" *Id.* (quoting *Barker*, 407 U.S. at 538 (White, J., concurring)). The State is solely responsible for the delay in this case, and should have acted with greater speed. The defendant did everything he could or needed

> in order to assert his right to a speedy trial. The lack of actual prejudice, however, outweighs these considerations. Balancing all of the factors discussed above, we hold that the defendant was not deprived of his constitutional right to a speedy trial.

Id. at 14-16.

The undersigned does not find fault with the Missouri Court of Appeals' application of federal law to the facts of the case. The court applied the correct standard, performed a thorough analysis, and reasonably interpreted the facts. While the State was responsible for the delay in McKee's case, there is no evidence that the State deliberately attempted to delay the trial in order to hamper the defense. Further, McKee has failed to present any evidence of actual prejudice. As the court emphasized, "the lack of actual prejudice [ ] outweighs the [ other factors]." (Respt's Ex. C at 15)

Accordingly, the undersigned recommends that grounds one and three be denied.

**IV.B. Ground Two**

In his second ground for relief, McKee argues that he received ineffective assistance of counsel when trial counsel failed to pursue a speedy trial by never announcing he was ready for trial. Respondent argues that this claim is procedurally defaulted and meritless.

In his post-conviction relief motion, McKee argued that he was denied effective assistance of counsel when trial counsel failed to invoke McKee's statutory right to a speedy trial. (Respt's Ex. D at 43) McKee did not, however, raise this claim in his appeal from the denial of post-conviction relief.

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted)

8

(quoting Anderson v. Harless, 459 U.S. 4, 9 (1982) (per curiam) and Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997)). Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Wemark, 322 F.3d at 1021 (internal quotation marks omitted) (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)). Claims that are not fairly presented to the state courts are procedurally defaulted. See id. at 1022. Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. Sawyer v. Whitley, 505 U.S. 333, 338–39 (1992).

Missouri requires the raising of constitutional claims at the first available opportunity. See State v. Wilson, 812 S.W.2d 213, 216 (Mo. Ct. App. 1991), citing State v. Smith, 781 S.W.2d 761, 770 (Mo. banc 1989). A post-conviction motion proceeding is the exclusive procedure for pursuing in state court any ineffective assistance of counsel claim; a motion court's decision on such a motion is subject to appeal; and successive post-conviction motions are not permitted. Moore–El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006). Claims that should have been but were not presented in an amended post-conviction motion or on appeal from a denial of a post-conviction motion are procedurally defaulted. See Interiano v. Dormire, 471 F.3d 854, 856 (8th Cir. 2006) (finding that claims not presented in an amended Rule 29.15 post-conviction motion or appeal from the denial of that motion are procedurally defaulted).

9

McKee failed to present this claim in his appeal from the denial of post-conviction relief and has not demonstrated cause and prejudice for his failure to present this claim to the State court. McKee's claim is, therefore, procedurally defaulted.

McKee's claim also fails on its merits. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689).

In this case, assuming defense counsel failed to pursue McKee's right to a speedy trial, McKee is unable to demonstrate any resulting prejudice. There is no evidence that an earlier trial would have resulted in an acquittal rather than a conviction or that McKee's defense was hampered in any way due to the delay. Further, there is no indication that the Missouri Court of Appeals would have held McKee's speedy trial right was violated and that the trial court should have dismissed the charges had trial counsel pursued McKee's speedy trial right. As previously

discussed, the Court held that McKee had timely and repeatedly asserted his speedy trial right. (Respt's Ex. C at 10) The Court nonetheless held that McKee's speedy trial right was not violated.

Accordingly, the undersigned recommends that McKee's second ground for relief be denied.

**IV.C. <u>Petitioner's Motions</u>**

On October 11, 2013, McKee filed a Request for Evidentiary Hearing. [Doc. 27] McKee argues that the issue of the reason for the delays in his case was not fully and fairly developed in State court.

The decision whether to grant an evidentiary hearing when there are facts in dispute is generally within the discretion of the district court judge. <u>Olds v. Norman</u>, 2013 WL 316017, at *20-21 (E.D. Mo. Jan. 8, 2013) (citing <u>Crawford v. Norris</u>, 363 Fed.Appx. 428, 430 (8th Cir. 2010 (unpublished per curiam opinion)). Under 28 U.S.C. § 2254(e)(2), a hearing may not be granted unless "the applicant has failed to develop the factual basis of a claim in State court proceedings…[and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [ ] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." An evidentiary hearing is not necessary when petitioner's grounds for relief can be sufficiently reviewed based on the record presented to the state courts. <u>McCann v. Armontrout</u>, 973 F.2d 655, 658-59 (8th Cir. 1992).

The undersigned finds an evidentiary hearing in this case is neither warranted nor necessary. The State court record contains sufficient facts to make an informed decision on the

merits of McKee's claims. While McKee contends that a hearing is necessary to determine the reason for the delays in his case, the State admitted in its appellate brief that the delay was solely attributable to the State due to an overcrowded court system. (Respt's Ex. C at 7) The Missouri Court of Appeals found that this factor weighed against the State. Id. Thus, granting an evidentiary hearing in this case "would not assist in the resolution of [petitioner's] claim[s]." Irons v. Dormire, 2006 WL 2811487, at *21 (E.D. Mo. Sept. 28, 2006) (quoting Johnston v. Luebbers, 288 F.3d 1048, 1059 (8th Cir. 2002)). Accordingly, McKee's request for an evidentiary hearing will be denied.

McKee has also filed a Request for Blank Subpoena Forms in connection with his motion for evidentiary hearing. [Doc. 30] Because the Court has found that an evidentiary hearing is not necessary, this motion will be denied as moot.

**IV.D.  Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, McKee has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no Certificate of Appealability be issued.

## ORDER

**IT IS HEREBY ORDERED** that Petitioner's Request for an Evidentiary Hearing [Doc. 27] be and it is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Blank Subpoena Forms [Doc. 30] be and it is **denied as moot**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Petition of Tracy Eugene McKee for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no Certificate of Appealability be issued.

The parties are advised they have fourteen days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.

                                           **/s/** Abbie Crites-Leoni
                                           ABBIE CRITES-LEONI
                                           UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of July, 2014.